Filed 4/30/26  P. v. Beard CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JERRY BEARD,<br><br>     Defendant and Appellant. | F089505<br><br>(Super. Ct. No. F22907976)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Charlotte Woodfork and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

Defendant Jerry Beard (defendant) entered a no contest plea to pandering by procuring (Pen. Code, § 266i, subd. (b)(1))[1] and admitted that he suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) pursuant to a plea agreement. At sentencing, the court declined to strike defendant's prior strike conviction. Defendant contends on this appeal that the trial court abused its discretion in declining to dismiss his prior strike conviction. The People disagree, contending the court did not abuse its discretion. We conclude the court did not abuse its discretion and affirm the court's ruling.

## PROCEDURAL SUMMARY

On November 2, 2022, the Fresno County District Attorney filed an indictment charging defendant with human trafficking of a minor for a sex act (§ 236.1, subd. (c)(1); count one) and pandering (§ 266i, subd. (b)(1); count two). It was alleged defendant had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Defendant entered not guilty pleas and denied the allegation. Prior to going to trial, the court granted the People's motion to dismiss count two. The jury was unable to reach a verdict on count one and a mistrial was declared.

On November 7, 2024, pursuant to a negotiated plea agreement, the trial court granted the parties' motion to reinstate the dismissed pandering charge in count two, defendant pled no contest to count two and admitted the prior strike conviction in exchange for a "mitigated lid of 3 years doubled for a total of 6 years." At the January 15, 2025 sentencing hearing, the court denied defendant's *Romero*[2] motion to strike his prior conviction. The court sentenced defendant to six years (the low term of

---

[1]      Hereinafter, undesignated statutory references are to the Penal Code.

[2]      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

three years, doubled) in state prison consistent with the plea agreement. Defendant filed a notice of appeal; his request for certificate of probable cause was denied.[3]

## FACTUAL SUMMARY[4]

On August 15, 2022, an undercover agent with the California Department of Justice (DOJ), Bureau of Investigation, Human Trafficking and Sexual Predator Apprehension Team utilized a social media account, posing as a 16-year-old female. On the same day, the agent received a private message from a social media user later identified as defendant.

Defendant asked the agent how old she was. The agent said she was 16 years old and defendant responded that he was 26 years old. The agent insinuated to defendant that she worked as a prostitute. Defendant asked her questions about her work as a prostitute but noted she was young. The agent sent defendant a picture of another undercover officer, claiming it was a picture of herself, and defendant told her she looked like she could be 18 years old. The agent responded she will be 18 in two years.

The agent told defendant she was working as a prostitute over weekends, and defendant asked her when she was going to come with him. The agent asked defendant if he had a fee. Defendant asked how much she made in one day and they discussed what defendant's cut would be.

On August 18, 2022, DOJ agents detained defendant and read him his *Miranda*[5] rights. Defendant admitted he had talked to a female but that she had contacted him first.

---

[3] Although defendant's certificate for probable cause was denied by the trial court, he limited his appeal to challenging his sentence. " '[I]ssues regarding proceedings held subsequent to the plea' " " 'may be raised on appeal following a guilty or nolo plea without the need for a certificate.' " (*People v. Shelton* (2006) 37 Cal.4th 759, 766.)

[4] Relevant facts are taken from defendant's probation report.

[5] *Miranda v. Arizona* (1966) 384 U.S. 436.

Defendant admitted he was aware she was a minor but said he was unaware she was a prostitute and denied that he asked her for any money or wanted to traffic her.

**DISCUSSION**

Defendant contends on appeal that the court abused its discretion when it denied his *Romero* motion to dismiss his prior strike conviction. Defendant argues that his case represents "one of those extraordinary set of circumstances where no reasonable judge would find that [he] should not be 'deemed outside the scheme's spirit … [at least] in part, and hence should be treated as though he had not previously been convicted of one … serious and/or violent felon[y].' " The People counter that the trial court did not abuse its discretion given defendant's criminal history and that he committed the instant offense just three months after his release from completing a 10-year prison sentence on his prior strike conviction. We conclude the trial court did not abuse its discretion and affirm the court's ruling.

**A.      Relevant Factual and Procedural Background**

The probation report set forth defendant's delinquent and criminal history. In January 2010, defendant committed battery and theft of personal property. Defendant was declared a ward of the court and placed on probation. Over the next 18 months, defendant violated his probation three times. In December 2011, defendant was convicted of voluntary manslaughter (§ 192, subd. (a)) and sentenced to state prison for 10 years. Defendant served about 16 months of that sentence in the juvenile system before being transferred to state prison. In January 2019, defendant was convicted of obstructing or resisting an executive officer (§ 69) while incarcerated. He was sentenced to two years in state prison, to run concurrent with the sentence he was currently serving for his voluntary manslaughter conviction. Defendant was released on parole in May 2022. The instant offense occurred in August 2022.

At the sentencing hearing on January 15, 2025, defendant's counsel argued that defendant and his family worked hard for him to stay out of a situation that would send

him back to prison. Defendant acknowledged the court indicated a lid to resolve the matter and contended that defendant did not believe a state prison sentence would improve his future.

The prosecutor recognized the court could consider a *Romero* motion, but she argued that even though the strike conviction was over 10 years old, it was not in the interests of justice to grant *Romero* relief. The prosecutor noted that while defendant was in custody on his 2011 manslaughter conviction, defendant committed a violent offense of resisting a law enforcement officer in violation of section 69. Shortly after serving his prison term, defendant was picked up for the current case. Although the instant offense involved an undercover officer, which was "somewhat mitigating," it was "quite disturbing and unfortunate" that defendant "believed he was communicating with a minor and continued to do so." The prosecutor believed defendant lacked growth while incarcerated. Defendant was subsequently arrested in 2023 for being a felon in possession of a firearm while out on bail in this present case. As such, defendant had not managed to live crime free while out of custody for more than a few months. The mitigating circumstances, including that the jury did not reach a verdict on count 1, had been considered when offering the mitigated term as part of the plea bargain, and the prosecutor therefore opposed any *Romero* relief.

Defendant's counsel pointed out the mitigating factors related to the prior voluntary manslaughter conviction: that defendant was 15 years old when he committed the voluntary manslaughter, that he committed the crime with his older brother who was the "heavy," and that his older brother had provided defendant with the firearm used in the crime. Due to defendant's age and unique circumstances of that crime, counsel requested that the court dismiss the prior strike.

The prosecutor argued that the only factor in favor of granting relief under *Romero* was the age of the prior strike conviction. However, the age of the conviction was canceled out by his continuous criminality, both while in custody picking up the

5.

section 69 conviction and then getting out of custody and shortly incurring two offenses. She believed it was "abundantly clear" that defendant fell outside the scope of *Romero* relief.

Defendant spoke on his own behalf and stated that he "tried out here," got a job, and thought he did "pretty good." He did not feel he had committed crimes since his release. Defendant referred to his firearm possession case as "bullshit," arguing he had a legally registered firearm.

The court explained that it had reviewed the probation report and all the letters submitted on defendant's behalf. The court acknowledged, based on the letters and what the court had personally observed, that defendant "has now reached a point where he is on a better path," likely due to the birth of his son. The court noted that defendant had suffered convictions in 2011 and 2019 and was not eligible for probation because of his prior strike conviction. The strike conviction was in 2011 but that "not very much time has passed" from when he came out of prison and was back in front of the court. Defendant had served a 10-year sentence on the voluntary manslaughter conviction, was released in May 2022, and committed the instant offense in August 2022. The court felt the instant offense was "definitely serious" and because it was committed so soon after defendant's release, the court declined to exercise its discretion to dismiss the prior strike conviction and denied the *Romero* motion. The court explained that even though the strike "makes the sentence quite a bit higher than I think is necessary under the circumstances," it does not meet the factors for dismissing a strike under *Romero*. As such, the court did not follow probation's recommendation for the midterm and instead imposed the lower term.

### B.     Applicable Law and Standard of Review

The trial court's decision to decline to exercise its discretion to strike a prior conviction under section 1385 is subject to review for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*); see also *Romero*, *supra*, 13 Cal.4th

at pp. 529–530.)  The party challenging the court's ruling bears the burden to show the sentencing decision was irrational or arbitrary.  (*Carmony*, at pp. 376–377.)  Absent such a showing, " ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*Id.* at p. 377.)  " ' "[A] decision will not be reversed merely because reasonable people might disagree." ' "  (*Ibid.*)  Accordingly, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Ibid.*)

The Three Strikes law does not offer discretionary sentencing choices like other sentencing laws.  (*Carmony*, *supra*, 33 Cal.4th at p. 377.)  Rather, it restricts the court's discretion in sentencing repeat offenders by establishing a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the court finds the defendant falls outside the spirit of the Three Strikes scheme.  (*Ibid.*)  The relevant question in ruling on whether to strike or vacate a prior strike conviction is "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  The circumstances must be " 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack.' "  (*Carmony*, at p. 378.)

"Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper."

(*Carmony*, *supra*, 33 Cal.4th at p. 378.) As such, a trial court will only abuse its discretion in failing to dismiss a prior strike conviction allegation in limited circumstances such as where the trial court was not aware of its discretion to dismiss, where the court considered impermissible factors in declining to dismiss, or where the sentencing produces an arbitrary, capricious or patently absurd result. (*Ibid.*) Where the record is silent or where the record demonstrates the court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, the court's ruling will be affirmed. (*Ibid.*)

### C.    Analysis

Our review of the record shows the trial court considered the proper circumstances when it declined to exercise its discretion to strike defendant's prior strike conviction. The court expressed it had reviewed letters submitted on behalf of defendant, thereby considering defendant's background, character and prospects. (See *Williams*, *supra*, 17 Cal.4th at p. 161.) The court analyzed the nature and circumstances of defendant's present and prior offenses, noting the age of the prior strike, the very serious nature of the present offense, and the fact that defendant committed the instant offense within three months of his release after completing his 10-year prison sentence for his voluntary manslaughter strike conviction. On this basis, the court found defendant did not meet the factors that would place him outside the spirit of the Three Strikes law. The record demonstrates the court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law. (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) Therefore, the court's decision not to strike defendant's prior strike conviction was neither irrational nor arbitrary and does not constitute an abuse of discretion. (See *id.* at p. 377.)

Defendant's disagreement with the trial court's conclusion does not change our mind. " ' "[A] decision will not be reversed merely because reasonable people might disagree." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Defendant argues that his two

arrests after being released from prison do not make him the type of career criminal the Three Strikes law is designed to punish. However, defendant's present offense occurred almost immediately after his release from prison, and his second offense occurred shortly after being released on bail. As a juvenile, defendant suffered an adjudication for battery and theft, violated his probation three times, and was convicted of three felonies as an adult. Defendant committed a felony while in prison for his strike offense, committed this present offense within three months after being released from prison, and while out on bail, was arrested on another felony. Based on defendant's criminal history, and lack of ability to remain crime free, it was not unreasonable for the court to conclude defendant fell within the spirit of the Three Strikes law.

We disagree with defendant's attempt to minimize the seriousness of his current offense. Even though defendant was unaware he was talking to an undercover agent, defendant believed he was talking to a minor and continued to engage in discussions with her for prostitution for his financial benefit. The court considered defendant's conduct to be "definitely serious." Additionally, defendant's arguments regarding the mitigating circumstances of his prior strike offense, including his age at the time of the offense, were already litigated before the court. Absent evidence to the contrary, we presume the court considered these mitigating factors in reaching its decision. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) Further, as discussed, the court expressly stated it considered the letters in support of defendant, the parties argued the mitigating circumstances before the court and were considered by the prosecution in negotiating the plea agreement. Defendant's disagreement with the weight given to his mitigating circumstances does not amount to an abuse of discretion, especially here where he fails to show the court's decision was irrational or arbitrary. (See *id*. at p. 377 [decision will not be reversed where reasonable people might disagree].)

## DISPOSITION

The judgment is affirmed.